Ruffin, Judge.
 

 'Considering the numerous tribunals from which executions emanate in this State, and the diversity of officers to whom they are directed, it is not surprising, that new questions respecting them should often arise, calculated to puzzle the bar and the bench. The present is one which is brought before, this Court, for the first time; but it does not seem to us to be so difficult, as it is novel or important. It is contended by the Plaintiff in this rule, and so decided by the Court below, that a
 
 fufa,
 
 issued by a Justice of tiie Peace against the administrator of
 
 Miller,
 
 and by the Constable levied on the land in the hands of the heir, on which, after
 
 sci.fa.
 
 from Court, a judgment was given against the land, is entitled to preference oyer anothei’ creditor, who gets his judgment in Court after.the levy by the Constable, and before the final judgment in Court in the suit founded on that levy. We should think so too, if the Justice’s execution could be regarded as process of execution against, the land. In
 
 Lash
 
 v.
 
 Gibson
 
 (1
 
 Murphey
 
 
 *351
 
 ¿66) it was held, that the execution of a Justice first levied, is to be first satisfied, as against other executions of the same character, and also as against executions issuing from Court after such levy. There the proceed-jugs were altogether between living persons, and the Justice’s execution expressly runs against lands and tenements, in default of chattels. There is no new judgment rendered in Court; it is not a
 
 Us pendens,
 
 in which the party can make defence; and all the Court does is to see whether the'papers be regular, and if so, award a
 
 venditioni exponas.
 
 The only purpose of this return is to put all the proceedings upon record, on which a change of the title to land takes place.
 
 (Jld of
 
 1794,
 
 Rev. e.
 
 414, s. 19.) Butin the present case, the Justice’s execution is not directed against the land, but only against the goods of the intestate, in the hands of the administrator. If the latter indeed deny that he hath goods, the Constable is directed to levy on the lands, and return it to Court. But this is not by way of execution againt the land, or against the heir. After such return, a new process issues to the heir, and he is let into a full defence, just as much as he is, when the judgment has been in Court, .•arid no lety is made on the land. It is therefore not so much process against the land, as it is a proceeding to make a record, on which process shall issue to the heir, with the view of getting a judgment against him. How can that be regarded as creating a
 
 lien
 
 on the land, which precedes the judgment against the heir ? In attachment it is so, because the party does not personally appear, and the property stands in his stead, without further personal process. But in the case before us, the Justice’s execution, levy, return and
 
 sci.fa.
 
 issued thereupon are parts of mesne process, and not of execution,
 
 against the heir.
 
 It is like tiie case of two writs of
 
 sci. fa.
 
 against the heir, founded on judgments in Court They create a
 
 lien
 
 from their issuing, as against the heir himself, and purchasers from him, hut not as against
 
 *352
 
 each other. That creditor, who first gets his final judg-men^ an¿j execijtion against the lands and proceeds tiiere-on, will be first satisfied. So it is here. We are obliged |0 consider the whole as mesne process, as far as the heir is concerned. In each, a sci.
 
 fa.
 
 issues to the heir, and a new judgment, after the same defence, is given in each case. The levy of the execution does not create a specific
 
 lien
 
 on a particular part of the lands ; for upon' the return of a levy on a particular tract in the hands of one heir or one devisee, the
 
 sd. fa.
 
 is not to the heir or the devisee who owns the part levied on, but. to the heirs apd devisees generally; and the judgment and execution are not against that land in particular, but against the lands descended generally. We therefore think, that the executions issued from May term are to be first satisfied; consequently the judgment below is reversed.
 

 Per Curiam. — Let the judgment of the Court below be reversed.